UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Richard Strahan,
     Plaintiff

     v.                                    Case No. 22-cv-52-SM
                                           Opinion No. 2022 DNH 108

Sean O'Reilly, et al.,
     Defendants


                        **O R D E R**


     Richard Strahan has a lengthy and well-documented history

of vulgar, harassing, hostile, disruptive, and offensive conduct

directed at opposing litigants, their counsel, court staff, and

judicial officers.  Over the years, it has been repeated in

several cases before this court and others.  See, e.g., Case

Management Order, dated March 4, 2022 (document no. 9) and

Sanctions Order, dated May 26, 2002 (document no. 42) (each of

which chronicles just some of Strahan's legacy of belligerent

and sanctionable conduct).  He has been counseled on numerous

occasions (in this case and others) that if he were to continue

his childish and profane behavior, sanctions - including

dismissal with prejudice - would follow.  See Case Management

Order at 3 ("If he violates this Order, or his future written

communications or personal interactions with the court exhibit

insulting, offensive, harassing content, Mr. Strahan will be subject to further sanction, including the dismissal of this case with prejudice."); Sanctions Order at 3 ("Should Strahan present a single insulting, abusive, or harassing filing, the court will dismiss this suit with prejudice as a sanction for willful failure to follow multiple court orders."). See also Strahan v. NOAA, No. 18-cv-752-LM, Order (document no. 64) ("Should he submit another filing that runs afoul of the Magistrate Judge's October 11 and December 3 orders, the court will dismiss his case with prejudice."); Strahan v. Nielson, No. 18-cv-161-JL, Case Management Order (document no. 5) (summarizing some of Strahan's uncivil behavior and warning him of potential contempt sanctions); Man Against Xtinction v. Comm'r of Maine Dep't of Marine Res., No. 1:19-CV-00406-LEW, 2020 WL 5578408, at *2-5 (D. Me. Sept. 17, 2020) (describing Strahan's conduct as, among other things, "petulant," "defiant," "juvenile," "harassing," "dilatory," "bombastic," "vulgar," and "offensive" and threatening dismissal with prejudice if Strahan engaged in "any further conduct designed only to annoy and harass, including the filing of redundant motions and the use of pejoratives, vulgarities, and other offensive language").

I.    Documents to be Stricken from the Docket.

To date, efforts to limit Strahan's ability to communicate with court staff and warnings of serious sanctions have proved largely ineffective.  Strahan continues unabated in his juvenile and abusive rants, as evidenced most recently by the filing of his so-called "Notice of Intent to Bring Suit" against the judge who formerly presided over this case (document no. 43).  In it, Strahan refers to the judge as a "shyster," a "judicial thug," a "racist," a "bigot," and a "bully" who "intended from the start to threaten [Strahan] with judicial violence and seeking [sic] any excuse to prevent the court from adjudicating [his] meritorious claims."  Id. at 1.  That filing also alleges that Strahan has been subject to "retaliatory orders" imposed by a "shyster judge" based on nothing more than "hearsay complaints by court employees."  Id. at 2.

That filing contains "immaterial, impertinent, [and] scandalous" allegations and shall be stricken from the docket. See Fed. R. Civ. P. 12(f).  Moreover, because such a "notice of intent to bring suit" is entirely unnecessary, it would appear to have been filed solely for an improper purpose - that is, in an effort to coerce, threaten, intimidate, and/or harass the then-presiding judge.  See, e.g., Id. at 1 ("I immediately COMMAND you to cease and desist in your bullying and threats of

3

judicial violence against me and IMMEDIATELY RECUSE yourself from any further supervision over the instant action.  If you do not do so by close of business next Tuesday, I will . . . bring[] a Bivens action against you in your individual capacity.").  See generally Fed. R. Civ. P. 11(b) and (c) (authorizing the issuance of sanctions against any party deemed to have filed a pleading, motion, or other paper for "any improper purpose").

Not long after filing his "Notice of Intent," Strahan followed up with a redundant and equally unnecessary document captioned, "Notice of Intent to Add Crazy, Corrupt Shyster Judge as a Defendant" (document no. 63).  The caption speaks for itself (though the body of the document continues in the same vein, alleging that the judge is "incompetent," "bigoted," "prejudiced," and a "criminal").  That document shall also be stricken from the docket.  See Fed. R. Civ. P. 12(f).  Like the filing that preceded it, that "notice" was entirely pointless and would appear to have been filed for an improper purpose. See Fed. R. Civ. P. 11(b).

Soon thereafter, Strahan filed his so-called "Verified Revised Amended Complaint," purporting to add the formerly-presiding judge as a defendant in this proceeding.  Like those

4

before it, that pleading is filled with ad-hominem attacks, it uses vile and unacceptable language to describe the judge, and it contains impertinent, immaterial, and scandalous allegations. See Fed. R. Civ. P. 12(f). It also violates both the court's Case Management Order and its Sanctions Order. Accordingly, that pleading (document no. 65) shall also be stricken from the court's docket.

II. Show Cause.

Over the years and throughout Strahan's various civil suits, this court and its staff have been extraordinarily patient in dealing with him, giving him numerous warnings that his unrestrained and harassing behavior must stop lest sanctions be imposed. Time after time he has gleefully ignored those admonitions and expressed his intention to continue his vulgar, immature, and disruptive ways. As an example of Strahan's insolent attitude, one need look no further than his recent filing captioned, "Richard Maximus Strahan to Judge Johnstone: Go to Hell" (document no. 12) (submitted in response to the Magistrate Judge's case management order and, true to form, littered with ad hominem attacks and impertinent factual claims). In that filing, Strahan defiantly proclaims that, "You can go to Hell judge if you believe that I will comply with your

5

Gag Order or any other unconstitutional act of bigotry towards me." Id. at 2.[1]

Indeed, Strahan seems more interested in making some sort of point about the limits of his so-called "free speech" and/or the scope of the court's authority to manage both its docket and unruly litigants than he is in addressing the merits of his claims. That is, of course, his choice. But it is not without consequence.

Twice in this proceeding, the court has warned Strahan - in unmistakably clear, simple, and unambiguous language - that if he did not alter his ways, this case would be dismissed with prejudice: originally, in the court's Case Management Order and more recently in the Sanctions Order.

> First, the court has directed that the phone number Strahan used to call the courthouse on May 26, 2022, be blocked (from making calls to this court) until further order of the court. Second, should Strahan make any further calls to the courthouse - even a single call - or present a single insulting, abusive, or harassing filing, the court will dismiss this suit with prejudice as a sanction for willful failure to follow multiple court orders. Given his habitual abusive conduct in this court and others, it is clear that Strahan is undeterred by lesser sanctions. Accordingly, the court finds that a dismissal of this

---

[1] That "motion" shall also be stricken from the court's docket. See Case Management Order and Fed. R. Civ. P. 12(f).

> suit with prejudice will be appropriate if Strahan
> violates the court's orders again.

Sanctions Order (citations omitted; emphasis supplied). For context, the court notes that on May 26, 2022, Strahan violated the Case Management Order by repeatedly telephoning the Clerk's office in an apparent effort to tie up the court's phone lines and to harass court employees. The court described those events as follows:

> Consistent with the court's March 4 order, an employee informed Strahan that he could send any questions about the case by email. Strahan told the employee that he would continue to call. Over the next 15 minutes, Strahan called another 22 times. The Clerk's office had to place Strahan on hold because his calls were preventing the court from receiving other calls. Ultimately, the Clerk's office blocked the phone number used by Strahan so that employees could take calls from other litigants. In short, Strahan's abusive behavior impedes the court's ability to administer its docket, as the Clerk's office must dedicate time to managing Strahan, leaving other litigants unable to receive assistance.

Sanctions Order, at 3.

Undeterred by the court's warnings, Strahan made three subsequent filings that plainly violate the terms of the court's directives to him: the "Notice of Intent to Bring Suit" (document no. 43), the "Notice of Intent to Add Crazy, Corrupt Shyster Judge as a Defendant" (document no. 63), and the

"Revised Amended Complaint" (document no. 65) (collectively, the "Sanctionable Filings").

Strahan's uninhibited antics, his uncivil and abusive behavior, and his disruptive conduct have continued for far too long and consumed far too many private and judicial resources. Numerous lesser restraints and sanctions have proved decidedly unhelpful in shaping his behavior. Accordingly, Strahan shall show cause why this case should not be dismissed with prejudice for his failure to comply with the court's Case Management Order dated March 4, 2022 (document no. 9), its Sanctions Order May 26, 2022 (document no. 42), and Rule 11 of the Federal Rules of Civil Procedure - that is, by filing the three Sanctionable Filings referenced above. See generally Fed. R. Civ. P. 41(b) (authorizing the dismissal with prejudice of an action if the plaintiff fails to comply with an order of the court).

## Conclusion

That Strahan believes he has a right to behave in an immature and uncivilized manner may explain his unrestrained conduct, but it certainly does not excuse it. With that said, it is probably important to pause and take note of the following: Strahan does not appear to be under any obvious disability or impairment that might preclude him from behaving

in a calm, civil, and respectful manner.  Rather, his hostile and abusive conduct seems to be entirely volitional.  See, e.g., Man Against Xtinction, 2020 WL 5578408, at *4 ("Plaintiff knows his behavior is unacceptable, yet he is at it again, requiring yet another court to admonish him about basic rules of civility.").  For example, his petition seeking recusal of the then-presiding judge (document no. 67) contains no ad hominem attacks, no vulgar or profane language, and no threats or other efforts to coerce and intimidate.  That and other submissions he has made to the court demonstrate that Strahan is fully capable of behaving in a civilized manner.  He plainly understands the meaning of this court's orders.  It is equally plain that he is capable of complying with those orders.  He simply chooses not to.

The Clerk of Court shall strike from the court's docket the following filings:

"Motion" for the Magistrate Judge to Go to Hell (**document no. 12**);

"Notice of Intent to Bring Suit" (**document no. 43**);

"Notice of Intent to Add Crazy, Corrupt Shyster Judge as a Defendant" (**document no. 63**); and

"Revised Amended Complaint" (**document 65**).

9

The Clerk shall also amend the caption of this case by removing the name of the formerly presiding judge.  Because the "Revised Amended Complaint" has been stricken, that judge is not a defendant in this proceeding.

Strahan shall file his response to the court's show cause order on or before **September 23, 2022,** failing which this case shall be dismissed with prejudice.  Any response filed by Strahan that contains redundant, immaterial, impertinent, or scandalous matters shall be struck, see Fed. R. Civ. P. 12(f), and no extensions of time to respond will be granted absent extraordinary circumstances.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 8, 2022

cc:  Counsel of Record